**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THOMAS M. RITTWEGER,**

Petitioner,

- against -

**UNITED STATES OF AMERICA,**

Respondent.

**08 Civ. 7130 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The petitioner sought discovery in aid of a petition pursuant to 28 U.S.C. § 2255 challenging his conviction. The Court opened this Docket Number in response to that application.

By order dated August 11, 2008, Chief Judge Wood denied the application for discovery in view of the fact that there was no pending application pursuant to § 2255, and there was no indication that the requested materials would support such a motion. The Court in the exercise of discretion declined to find good cause to warrant the discovery requested. The Court gave the petitioner sixty (60) days to file a motion pursuant to § 2255 and gave instructions as to how such a petition could be filed. The Court also reminded the petitioner that there is a one year statute of limitations period for filing a motion pursuant to § 2255.

Thereafter, the petitioner submitted a letter dated September 5, 2008 which withdrew the Motion for the Production

of Discovery without prejudice to renewal, and advised that the petitioner would file his motion for discovery after filing a motion pursuant to § 2255 which the petitioner indicated he would file within the one year statute of limitations.

More recently, by letter dated October 31, 2008, the petitioner has renewed his motion for discovery "in anticipation of filing a Motion" under § 2255, and relied specifically on Fed. R. Civ. P. 60(b). However, Rule 60(b) provides no basis to request discovery. Rule 60(b) relates to relief from a civil judgment or order. That Rule may be relevant after a judgment has been entered in connection with a petition for habeas corpus. However, it does not apply to a motion to vacate a criminal conviction, and it would not be relevant to a petition for habeas corpus until such a petition has been filed and there is a judgment or order deciding such a petition that is then challenged by a motion brought under Rule 60(b). See Negron v. United States, 164 Fed. Appx. 158, 158-59 (2d Cir. 2006); Grullon v. United States, No. 99 Civ. 1877, 2004 WL 1900340, at *4 (S.D.N.Y. Aug. 24, 2004).

The petitioner's application for discovery is therefore denied without prejudice to being raised after the petitioner has filed a petition pursuant to § 2255. The petitioner is reminded again that there is a one year statute of limitations for bringing a petition pursuant to § 2255. If the petitioner

has any questions he may direct questions to the Pro Se Office of the Court at 500 Pearl Street, Room 230, (212) 805-0175.

Because Docket No. 08 Civ. 7130 was opened in connection with the petitioner's application for discovery, and because Chief Judge Wood directed the petitioner to file his petition within 60 days, which have now elapsed, the Clerk is directed to close Docket No. 08 Civ. 7130. This closing is without prejudice to the petitioner's ability to file a petition pursuant to 28 U.S.C. § 2255. The petitioner is reminded again that the statute of limitations for filing a petition pursuant to 28 U.S.C. § 2255 is one year.

**SO ORDERED.**

**Dated:** **New York, New York**
**December 10, 2008**

John G. Koeltl
United States District Judge